IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-60157

---

GABRIEL GUTIERREZ; CONNIE GUTIERREZ,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

---

Appeal from the United States District Court for the
Northern District of Texas

(648-93)

---

December 9, 1996

Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

Appellants Gabriel Gutierrez and wife Connie Gutierrez (taxpayers) appeal the decision of the Tax Court holding that there were deficiencies in taxpayers' 1986 and 1987 income tax returns. Taxpayers contend that the three-year statute of limitations bars collection of the deficiencies because they were not assessed

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

within three years after the returns were filed.  Internal Revenue Code (IRC) § 6501(a).  It is not disputed that the tax for these years was not assessed within the three-year period provided for in section 6501(a), but the Tax Court held that taxpayers had waived the limitations issue.  We disagree, and conclude that the finding of waiver is without adequate support and constitutes an abuse of discretion.

In their petition in the Tax Court, taxpayers specifically pleaded the three-year statute of limitations with respect to the 1986 and 1987 years.  The Internal Revenue Service (IRS) in its answer admitted this but pleaded that the fraud exception, IRC § 6501(c)(1), and the provision providing a six-year period, in case the return omits from gross income an amount properly includable therein which is in excess of 25% of the amount of gross income stated in the return, section 6501(e)(1), were applicable.  In reply to the IRS's answer, taxpayers specifically denied the allegations of fraud and 25% understatement of gross income.

In the IRS's trial memorandum, it listed as issues, among others, the amount of" gross receipts" from Gabriel Gutierrez's law practice which were omitted from the 1986 and 1987 returns and the amount of taxpayers' "rental income" which was omitted from the 1986 and 1987 returns, as well as whether Gabriel Gutierrez was liable for penalties for fraud in connection with the 1986 and 1987 returns.  At trial, neither taxpayers nor the IRS expressly addressed the limitations issues.  Contrary to the Tax Court, we

2

are unable to conclude that in these circumstances taxpayers waived the limitations defense which they had pleaded, and which the government had joined issue on, it being undisputed that the three-year period had run, and the government solely relying on the fraud and 25% understatement of gross income exceptions.   ". . . [W]here, as here, the Commissioner seeks to rely on an exception to the normal three-year statute of limitations, he bears the burden of proving by a preponderance of the evidence that he is entitled to invoke that exception." *Armes v. C.I.R.*, 448 F.2d 972, 975 (5th Cir. 1971).   Having pleaded and put the IRS on notice of the defense of limitations, and the three-year period having indisputably expired, taxpayers did not waive this defense by failing to more specifically or expressly raise it. If there was any waiver, it was by the IRS.

The Tax Court in finding waiver also relied on a stipulation filed after trial (while the record was held open for certain bank records) but well before the Tax Court rendered its decision on the merits.  This stipulation specified the amount of deficiencies in tax for the years 1985, 1986, 1987, and 1988.  Of course, a deficiency is not inconsistent with collection of the tax being barred by limitations.  The Tax Court seized on the words "petitioners . . . are liable for" in the stipulation.  However, taxpayers alleged and submitted a supporting affidavit before the Tax Court that this was not intended to waive their limitations

3

defense, and was not the result of any sort of compromise with the IRS in respect to that defense, but was merely intended to specify the agreed amount of the deficiency; and the IRS in response did not allege to the contrary before the Tax Court. Nor did the IRS take the position below that it in any way relied to its detriment on that stipulation in respect to the matter of limitations. We also note that taxpayers appeared pro se before the Tax Court and that although taxpayer Gabriel Gutierrez is an attorney, he is not a tax attorney.

The Tax Court found that the IRS had not established fraud in respect to the years 1986 and 1987. Nor does the evidence before the Tax Court suffice to establish an understatement of gross income in excess of 25% of the amount of gross income shown on the returns for those years. *See Armes* at 974-975.

Accordingly, the judgment of the Tax Court is reversed, and the cause is remanded to the Tax Court with instructions to enter judgment that collection of the 1986 and 1987 income tax deficiencies (and any additions to tax or interest for those years) is barred by limitations. The judgment of the Tax Court is otherwise affirmed.

REVERSED and REMANDED

4